■ WILLIAM CUFF et al., Respondents, v WILLIAM SMART et al., Appellants, and TAGG CARTING, Third-Party Defendant. [609 NYS2d 91] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), entered April 9, 1992, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On August 22, 1989, the plaintiff William Cuff sustained personal injuries as a result of an alleged "explosion". Cuff contended that the explosion was a result of an explosive substance contained within the garbage pails of the defendants-appellants William Smart and Maureen Smart. While standing at the rear of the garbage truck, Cuff lifted a garbage pail and dumped the contents into the hopper. While he was dumping the pail into the hopper, he heard something explode, causing glass and other debris to shatter, and striking him in the eye. Cuff did not know what had exploded. The Smarts's neighbor, a young girl, witnessed the accident through her window. According to this witness, at the time of the accident, the rear of the truck was facing her home. In contravention of Cuff's statements, she indicated that while the compactor blade was in operation, she heard a "big bang", "like a popping".

The Smarts moved for summary judgment seeking dismissal of the complaint. The Supreme Court denied the Smarts's motion. We affirm.

The Smarts contend that the complaint should be dismissed based on Cuff's failure to identify the particular substance that caused the explosion. This contention is without merit. Here Cuff has sustained his burden of coming forward with some proof of the cause of the explosion and the instrument involved in the explosion.

In addition, Cuff's contention that the compactor was not in operation at the time of this accident is contradicted by the statement of the nonparty witness.

Accordingly, where, as here, there are questions of fact, summary judgment is not proper.

We have reviewed the parties' remaining contention and find it to be without merit. Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.